Victor de Gyarfas (State Bar No. 171950)
Email: vdegyarfas@foley.com
Jianing G. Yu (State Bar No. 297098)
Email: gyu@foley.com
Ashley M. Koley (State Bar No. 334723)
Email: akoley@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3300
Los Angeles, CA 90071
Telephone: 213-972-4500
Facsimile: 213-486-0065

Attorneys for Better Care Plastic Technology Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BETTER CARE PLASTIC TECHNOLOGY CO., LTD.**, a Limited Liability Chinese Company,<br><br>Plaintiff,<br><br>v.<br><br>**STOP C-19, LLC**, a Nevada limited liability company,<br><br>Defendant. | Case No. 5:21-cv-01916<br><br>**COMPLAINT FOR:**<br><br>**1. FEDERAL UNFAIR COMPETITION**<br><br>**2. FALSE ADVERTISING**<br><br>**3. UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Better Care Plastic Technology Co., Ltd., ("Better Care" or "Plaintiff") by and through its attorneys, allege as follows:

## JURISDICTION AND VENUE

1. Among other claims, Plaintiff asserts violations of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and related state law claims. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

2. This Court has personal jurisdiction over the Defendant, Stop C-19, LLC ("Stop C-19") and venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391.

1

Plaintiff is informed and believes, and on that basis alleges, that Defendant has conducted and continues to conduct business in this District and has engaged in the complained of activities in this Judicial District.

## THE PARTIES

3. Plaintiff Better Care is a limited liability Chinese company with its principal place of business in China at Fuqian Xi Road, West district of Shenze Industrial Base, Shenze County, Hebei Shenze CN-13 Hebei 050000 CN, with a U.S. agent having a place of business in California at 3927 Schaefer Ave., Chino, CA 91710. Plaintiff is a subsidiary of Shijiazhuang Hongray Group, which company is well-known in the patient examination glove industry.

4. Plaintiff is informed and believes, and on that basis alleges, that Defendant Stop C-19 is a Nevada LLC with a principal place of business located at 2840 E. 11th Street, Los Angeles, CA 90023.

5. Plaintiff is informed and believes, and on that basis alleges, that Defendant has ongoing and systematic contacts with this Judicial District, and has placed the products at issue in this litigation into the stream of commerce knowing and expecting that such products would end up in this Judicial District.

6. Plaintiff is informed and believes, and on that basis alleges, that this Judicial District is a hub from which Defendant implements the importation, purchase, use, marketing, sale and/or offer for sale of the products at issue identified herein.

## FACTUAL BACKGROUND

7. Personal Protective Equipment ("PPE") is equipment worn to minimize exposure to hazards that cause serious workplace injuries and illnesses. In the current COVID-19 pandemic, the necessity for, and sales of PPE have skyrocketed. Among other things, the need for PPE such as patient examination gloves has increased dramatically.

8. Each person who wants to market in the United States, a Class I, II, and III device intended for human use, for which a Premarket Approval application (PMA) is not

required, must make a 510(k) submission to the Food and Drug Administration ("FDA") unless the device falls under certain exemptions not relevant here. The requirements for a 510(k) submission are described in 21 C.F.R. § 807 Subpart E. Before marketing a device, each submitter must receive an order, in the form of a letter, from FDA which finds the device to be substantially equivalent and states that the device can be marketed in the U.S. Such an order "clears" the device for commercial distribution which is reflected in a clearance letter from the FDA. The recipient of the clearance letter is the proper owner of the 510(k) number. Only a single entity may own a 510(k) number and only a single entity may authorize a specific 510(k) number for use in a product's marketing, unless the 510(k) number is used pursuant to one of the exceptions listed in 21 C.F.R. § 807.85, but none of those exceptions are applicable here.

9.  Plaintiff is the owner of 510(k) number K101595 (for patient examination gloves). Plaintiff is also the sole authorized manufacturer and importer of the gloves in the U.S. manufactured under that 510(k) number.

10. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times herein, there was a unity of interest and ownership between Stop C-19 and Gredale, LLC, ("Gredale") a Maryland limited liability company, such that any individuality and separateness between them never existed and/or stopped existing. Upon further information and belief, Gredale and Stop C-19 shared resources, such as officer Gregory Lorber, office and warehouse space, and employees, and did not observe corporate formalities. Plaintiff is also informed and believes and on that basis alleges that Defendant Stop C-19 used the organizational form in an attempt to achieve injustice and an inequitable result, and to avoid liability. Accordingly, Plaintiff is informed and believes, and on that basis alleges, that Stop C-10 is an alter ego of Gredale. Alternatively, at the very least, Stop C-19 and Gredale are jointly importing, distributing, marketing, and selling counterfeit patient examination gloves using Plaintiff's 510(k) number without authorization.

11. Gredale registered Gredale's name with the FDA as a "repackager/relabeler"

of patient examination gloves and has listed them under the Name "Stop C-19 – Polymer Patient Examination Glove" under Better Care's 510(k) number, K101595. *See* listing at https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfRL/rl.cfm?lid=706513&lpcd=LZA, shown below:



12. Gredale's information provided on https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfRL/rl.cfm?rid=245112 is shown below:

4892-8877-2610.1

[Screenshot of FDA Establishment Registration & Device Listing page showing:

URL: accessdata.fda.gov/scripts/cdrh/cfdocs/cfRL/rl.cfm?rid=245112

U.S. Department of Health & Human Services — FDA U.S. FOOD & DRUG ADMINISTRATION

**Establishment Registration & Device Listing**
FDA Home • Medical Devices • Databases

Establishment:
GREDALE, LLC
2823 E 11th Street
Los Angeles, CA 90023
Registration Number: 3016711507
FEI Number*: 3016711507
Status: Active
Initial Distributor/Importer: Yes
*Note Firm May Have Additional Establishment Types.
Please Review Listings For Further Information.
Date Of Registration Status: 2021

Owner/Operator:
Gredale, LLC
2823 E 11th Street
Los Angeles, CA US 90023
Owner/Operator Number: 10065040

Official Correspondent:
David Lennarz
Registrar Corp
144 Research Drive
Hampton, VA 23666
Phone: 1-757-2240177

* Firm Establishment Identifier (FEI) should be used for identification of entities within the imports message set

Page Last Updated: 01/11/2021]

13.     Plaintiff has not authorized Defendant or Gredale to make any kind of use of its 510(k) number, including the marketing of Plaintiff's 510(k) number as associated with Defendant's products.  Further, Plaintiff has not sold, distributed, or authorized the sale or distribution of patient examination gloves, directly or indirectly, to Defendant. Instead, Tianjin Hongray PPE, an entity fraudulently pretending to be associated with Plaintiff's parent, Shijiazhuang Hongray Group, the legitimate supplier, falsely claimed that Defendant's patient examination gloves were obtained from Shijiazhuang Hongray Group for Plaintiff and repackaged in China under Plaintiff's valid 510(k) number. Defendant made the same false claim.  On behalf of Stop C-19, Gredale arranged for and facilitated the import and shipment of patient examination gloves sold by Tianjin

Hongray PPE into the United States. Thereafter, Gredale provided the patient examination gloves to Defendant, and Gredale and Defendant marketed and sold them. Shijiazhuang Hongray Group and Plaintiff never provided any patient examination gloves to Tianjin Hongray PPE, to Gredale, to Defendant, or to any third-party entity in China for repackaging. Additionally, no party authorized by Plaintiff to manufacture patient examination gloves or use Plaintiff's 510(k) number sold or provided patient examination gloves to Gredale or Defendant. Defendant's acts are therefore not permitted by virtue of the first sale or exhaustion doctrines. The unauthorized use of Plaintiff's 510(k) number makes Defendant's patient examination gloves non-genuine because, "a product sold without the authorization of the mark holder is generally deemed non-genuine for purposes of the Lanham Act." *Grateful Palate, Inc. v. Joshua Tree Imports, LLC*, 220 F. App'x 635, 637 (9th Cir. 2007). Further, the sales of patient examination gloves at issue from Tianjin Hongray PPE to Gredale and Defendant constituted unauthorized sales, as the patient examination gloves at issue were not made by Plaintiff, any party authorized by Plaintiff, or any party authorized to use Plaintiff's 510(k) number. Defendant's sales of the patient examination gloves at issue constituted further unauthorized sales for the same reason. For the avoidance of doubt, Plaintiff did not make the initial sale of Defendant's patient examination gloves at issue to Tianjin Hongray PPE, to anyone else, to Gredale, or to Defendant, and thus Defendant's patient examination gloves at issue are inauthentic. Defendant's patient examination gloves at issue are counterfeit in that they were never made, approved, or sponsored by Plaintiff.

14. Plaintiff is informed and believes and alleges on that basis that Defendant and Gredale have also created and distributed in interstate commerce a commercial advertisement about its patient examination gloves, in the form of a "Stop C-19" product brochure, which includes a copy of the 510(k) summary clearance letter for K101595 and test results, indicating that patient examination gloves sold by Defendant in interstate commerce are manufactured by Plaintiff under the clearance letter for K101595. Gredale and Defendant's statement that its patient examination gloves are authorized under

4892-8877-2610.1

K101595 is literally false and Defendant knew of the falsity of the statement when it made the statement, yet Defendant willfully made that statement.

15. Defendant and Gredale are jointly conducting the import, shipment, distribution, marketing, and sale of the counterfeit patient examination gloves at issue. For example, Gredale asserts that it, arranges for and facilitates the import and shipment of the patient examination gloves at issue on behalf of Defendant, Stop C-19, and that Defendant, Stop C-19, sells the counterfeit patient examination gloves at issue.

16. Gredale and Defendant Stop C-19, are being operated by the same individuals. For example, Gregory Lorber is both Gredale's Chief Executive Officer and an officer at Stop C-19. Additionally, both Gredale and Defendant's physical business addresses are across the street from one another at 2840 E. 11th Street and 2823 E. 11th Street, Los Angeles, CA 90023. Gredale designated 1735 S. Santa Fe Ave, Los Angeles, CA 90021 as its "CORPORATE HEADQUARTERS" on its website while Defendant also used the same address on a previous version of its website.

17. Defendant is intentionally attempting to, and succeeding in deceiving and creating a false impression among a substantial segment of potential consumers that its gloves are demonstrated to be safe and effective under Plaintiff's 510(k) number, and that Defendant's patient examination gloves are sponsored or approved by Plaintiff.

18. Defendant's deception is material in that it is likely to influence consumers' purchasing decisions because a substantial segment of potential consumers want to buy 510(k) cleared patient examination gloves.

19. Plaintiff is informed and believes and upon that basis alleges that, consumers of Defendant's patient examination gloves marketed under K101595 relied on Defendant's statement that Defendant's patient examination gloves are authorized under K101595. Because Defendant's patient examination gloves are not actually authorized under K101595, consumers have been injured when they purchased unauthorized patient examination gloves based on their reliance on Defendant's statements that its patient examination gloves are authorized under K101595.

4892-8877-2610.1

20. Plaintiff's counsel warned Gredale, to stop its illegal acts in a letter dated December 23, 2020, but Gredale never responded to that letter or stopped its illegal acts complained of herein.

21. As a result of Plaintiff's intentionally deceptive acts, Plaintiff has been or is likely to be competitively injured as a result of Defendant's sales and advertising in that Plaintiff's ability to compete with Defendant will be harmed and Plaintiff will suffer a loss of goodwill.

## CLAIM 1: FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

22. Plaintiff incorporates by reference paragraphs 1 through 21 of this complaint as though fully set forth herein.

23. Lanham Act § 43(a), 15 U.S.C. § 1125(a), provides in relevant part:

  (a) Civil action

    (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

    (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

    (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

4892-8877-2610.1

24. Without right, license, or authorization from Plaintiff, in connection with goods, Defendant, Stop C-19, through its alter ego, Gredale, has willfully and falsely registered its patient examination gloves with the FDA under Plaintiff's 510(k) number K101595, and advertised and sold in commerce, its patient examination gloves to consumers using words indicating that it was selling the patient examination gloves at issue under Plaintiff's 510(k) number K101595 in violation of 15 U.S.C. § 1125(a). Defendant is intentionally attempting to, and succeeding in deceiving and creating a false impression among a substantial segment of potential consumers that its gloves are demonstrated to be safe and effective under Plaintiff's 510(k) number, and that Defendant's patient examination gloves are sponsored or authorized by Plaintiff, which acts are likely to cause confusion as to the affiliation of Defendants with Plaintiff as to the origin, sponsorship, or approval of Defendant's patient examination gloves.

25. Plaintiff has been, and will continue to be, seriously and irreparably damaged by Defendant's acts unless Defendant is preliminarily and permanently enjoined from registering, selling, and advertising its patient examination gloves under Plaintiff's 510(k) number K101595 and enjoined from stating or implying that Defendant's patient examination gloves are sponsored or approved by Plaintiff. In addition, by reason of Defendant's actions, Defendant has unlawfully profited, and Plaintiff has been damaged, in amounts which have not yet been fully determined.

26. Even though no element of an Unfair Competition claim requires establishing that the First Sale doctrine does not apply, and no case identified by either party requires a Plaintiff to plead that a Defendant's acts are not covered by the First Sale Doctrine when the words of the complaint do not indicate that the First Sale Doctrine applies, to be clear, the First Sale Doctrine does not apply. The unauthorized use of Plaintiff's 510(k) number makes Defendant's patient examination gloves non-genuine because a product sold without the authorization of the mark holder is generally deemed non-genuine for purposes of the Lanham Act. Further, the sales of the patient examination gloves at issue from Tianjin Hongray PPE to Defendant and Gredale

9

constituted unauthorized sales, as the patient examination gloves at issue were not made by Plaintiff, any party authorized by Plaintiff, or any party authorized to use Plaintiff's 510(k) number. Defendant's subsequent sales of the patient examination gloves at issue constituted further unauthorized sales for the same reason. Plaintiff did not make the initial sale of Defendant's patient examination gloves at issue to Tianjin Hongray PPE, to anyone else, to Gredale, or to Defendant and thus Defendant's patient examination gloves at issue are inauthentic. Defendant's patient examination gloves at issue are counterfeit in that they were never made, approved, or sponsored by Plaintiff.

27. Plaintiff is entitled to Defendant's profits and to recover its damages, its attorneys' fees, and costs, and disbursements incident to its claim of statutory unfair competition.

## CLAIM 2: FEDERAL FALSE ADVERTISING
## (15 U.S.C. § 1125(a))

28. Plaintiff incorporates by reference paragraphs 1 through 27 of this complaint as though fully set forth herein.

29. A claim for false advertising under 15 U.S.C. § 1125(a), has five elements: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused the false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.

30. Defendant made a false or misleading statement of fact in a commercial advertisement about its patient examination gloves when it stated that its patient examination gloves are authorized under K101595.

31. The statement that Defendant's patient examination gloves, which are sold in interstate commerce, are authorized under K101595 had the capacity to deceive a

4892-8877-2610.1

substantial segment of potential consumers, and Defendant's deception is material, in that it is likely to influence the consumer's purchasing decision because a substantial segment of potential consumers want patient examination gloves with a 510(k) certification. Defendant caused the false statement to enter interstate commerce by Defendant's advertising.

32. Plaintiff has been or is likely to be injured as a result of Defendant's false statement in that Plaintiff lost sales that it would have otherwise made had Defendant not made its false statement or by a lessening of the goodwill associated with Plaintiff's products.

33. Even though no element of a False Advertising claim requires establishing that the First Sale doctrine does not apply, and no case identified by either party requires a Plaintiff to plead that a Defendant's acts are not covered by the First Sale Doctrine when the words of the complaint do not indicate that the First Sale Doctrine applies, to be clear, the First Sale Doctrine does not apply. The unauthorized use of Plaintiff's 510(k) number makes Defendant's patient examination gloves non-genuine because a product sold without the authorization of the mark holder is generally deemed non-genuine for purposes of the Lanham Act. Further, the sales of the patient examination gloves at issue from Tianjin Hongray PPE to Defendant constituted unauthorized sales, as the patient examination gloves at issue were not made by Plaintiff, any party authorized by Plaintiff, or any party authorized to use Plaintiff's 510(k) number. Defendant's subsequent sales of the patient examination gloves at issue constituted further unauthorized sales for the same reason. Plaintiff did not make the initial sale of Defendant's patient examination gloves at issue to Tianjin Hongray PPE, to anyone else, to Gredale, or to Defendant and thus Defendant's patient examination gloves at issue are inauthentic. Defendant's patient examination gloves at issue are counterfeit in that they were never made, approved, or sponsored by Plaintiff.

# CLAIM 3: UNFAIR COMPETITION

## (California Business and Professions Code § 17200)

34. Plaintiff incorporates by reference paragraphs 1 through 33 of this complaint as though fully set forth herein.

35. Defendant's actions complained of constitute unfair competition under California Business and Professions Code § 17200.

36. Plaintiff is informed and believes that the foregoing unfair and deceptive conduct is ongoing and that Defendant has engaged in these practices to further Defendant's own financial gain.

37. Even though no element of an Unfair Competition claim requires establishing that the First Sale doctrine does not apply, and no case identified by either party requires a Plaintiff to plead that a Defendant's acts are not covered by the First Sale Doctrine when the words of the complaint do not indicate that the First Sale Doctrine applies, to be clear, the First Sale Doctrine does not apply.  The unauthorized use of Plaintiff's 510(k) number makes Defendant's patient examination gloves non-genuine because a product sold without the authorization of the mark holder is generally deemed non-genuine for purposes of the Lanham Act.  Further, the sales of the patient examination gloves at issue from Tianjin Hongray PPE to Defendant constituted unauthorized sales, as the patient examination gloves at issue were not made by Plaintiff, any party authorized by Plaintiff, or any party authorized to use Plaintiff's 510(k) number.  Defendant's subsequent sales of the patient examination gloves at issue constituted further unauthorized sales for the same reason.  Plaintiff did not make the initial sale of Defendant's patient examination gloves at issue to Tianjin Hongray PPE, to anyone else, to Gredale, or to Defendant and thus Defendant's patient examination gloves at issue are inauthentic.  Defendant's patient examination gloves at issue are counterfeit in that they were never made, approved, or sponsored by Plaintiff.

38. Plaintiff, on behalf of itself and the general public, requests that an injunction issue to enjoin Defendant from continuing its unfair and deceptive practices.

4892-8877-2610.1

39. Plaintiff, on behalf of itself and the general public, requests restitution and/or disgorgement of Defendant's profits and other ill-gotten gains wrongfully obtained through its unfair and deceptive practices.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of the unlawful conduct of Defendant as alleged in the claims above, Plaintiff respectfully prays for judgment against Defendant as follows:

A. That Defendant be adjudged to have engaged in unfair competition in violation of 15 U.S.C. § 1125(a).

B. That Defendant be adjudged to have engaged in false advertising in violation of 15 U.S.C. § 1125(a).

C. That Defendant be adjudged to have engaged in unfair competition in violation of California Business and Professions Code § 17200.

D. That Defendant's unfair competition and false advertising be adjudged willful and deliberate.

E. For an accounting for all profits of Defendant derived by reason of the acts alleged in this Complaint.

F. For an order compelling Defendant to disgorge the amounts by which they have been unjustly enriched by the acts alleged herein and restitution.

G. That Defendant and each of its subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with it be preliminarily and permanently enjoined from:

(1) Selling patient examination gloves registered with the FDA based on Plaintiff's 510(k) number K101595;

(2) Advertising patient examination gloves indicating they are authorized under Plaintiff's 510(k) number K101595;

(3) Passing off each of its goods and/or services as those authorized by Plaintiff;

(4) Engaging in any conduct aimed at or likely to result in diverting business intended for Plaintiff or injuring Plaintiff's goodwill or business reputation by way of

13

imitation, misrepresentation, false statements, advertising, fraud and/or deception; and

(5) Unfairly competing with Plaintiff.

H. For an order from this Court compelling Defendant to inform the FDA that it willfully and incorrectly registered its patient examination gloves under Plaintiff's 510(k) number K101595 and mail notice letters at its own expense to all distributors, dealers, accounts, salesmen, employees, jobbers, suppliers, and purchasers informing them that Defendant has committed unfair competition, and that Defendant has no affiliation, connection, or other business relationship with Plaintiff, and requesting that the letter recipients return to Defendant for full credit or refund all of Defendant's patient examination gloves sold under Plaintiff's 510(k) number K101595.

I. For an order from this Court commanding that Defendant deliver to Plaintiffs for destruction all advertising, products, patient examination gloves, labeling, packaging, sales literature, promotional literature, owner's manuals, catalogs, displays, boxes, packages, and other trade pieces within their possession or control and which were sold under Plaintiff's 510(k) number K101595.

J. That a constructive trust be imposed on all revenue, income and things of value derived by Defendant in the marketing and selling of patient examination gloves using Plaintiff's 510(k) number K101595.

K. For judgment, relief, and requests as set forth in this Complaint.

L. For an award of reasonable attorney's fees, prejudgment interest, and costs of this action.

M. For such other, further, and different relief as the court deems proper under the circumstances.

Dated: November 10, 2021

/s/ *Victor de Gyarfas*
Victor de Gyarfas
Galen Yu
Ashley M. Koley
**FOLEY & LARDNER LLP**
ATTORNEYS FOR BETTER CARE PLASTIC TECHNOLOGY CO., LTD.

4892-8877-2610.1

14

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: November 10, 2021

/s/ *Victor de Gyarfas*
Victor de Gyarfas
Jianing G. Yu
Ashley M. Koley
**FOLEY & LARDNER LLP**
ATTORNEYS FOR BETTER CARE PLASTIC TECHNOLOGY CO., LTD.